## AMALGAMATED ASS'N OF STREET ELECTRIC RY. & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION 1142, v. McDOWELL.

### No. 2420.

Court of Civil Appeals of Texas. Waco.

May 1, 1941.

Simon & Wynn, of Fort Worth, for appellant.

N. G. Williams, of Stephenville, for appellee.

TIREY, Justice.

This is an appeal from a ruling of the trial court in granting a temporary restraining order at an ex parte hearing without the introduction of any evidence. Plaintiff V. R. McDowell brought this suit against The Amalgamated Association of Street Electric Railway and Motor Coach Employees of America, Division 1142, City of Fort Worth, Tarrant County, Texas. He alleged substantially that he resided in Leon county, Texas; that the defendant, a local labor union, was located and had its domicile in Tarrant county, Texas, and whose president was Howard Hale and whose secretary was B. R. Wayne, both of Tarrant county, Texas, upon whom service could be had; that he was an employee of the Bowen Motor Coaches, a corporation, in the capacity of a bus operator; that said corporation operates a bus line in and through Limestone county, Texas; (the bus company was not made a party defendant); that he brought this suit in behalf of himself and other bus operators employed by said bus company; that he and the other bus operators so employed by said company are members in good standing of the said named defendant; that the wage contract between said bus company and the said defendant governing wages and hours and conditions of employment (for the benefit

of plaintiff and other employees) expired on March 1, 1941, and that no subsequent contract governing same had been entered into between said parties to date; that said defendant and said bus company are now negotiating a contract governing wages and hours and conditions of employment affecting the employment of the plaintiff and the other bus operators employed by said bus company; that on or about the first day of April, 1940, the National Labor Relations Board, in Cause No. C–1385, in which cause the said defendant and said bus company and others were parties, issued an order, in part, as follows:

"Upon the basis of the above findings of fact and conclusions of law and pursuant to Section 10(c) of the National Labor Relations Act [29 U.S.C.A. § 160(c)], the National Labor Relations Board hereby orders that the respondent, Bowen Motor Coaches, a corporation, Fort Worth, Texas, and its officers, agents, successors, and assigns shall:

"1. Cease and desist from:

"(a) Recognizing Amalgamated Association of Street, Electric Railway & Motor Coaches Employees of America, Division No. 1142, as the exclusive representative of its employees for the purposes of collective bargaining, unless and until that labor organization shall have been certified as such by the National Labor Relations Board;

"(b) Enforcing or attempting to enforce its contracts of August 17, 1937, and February 16, 1938, with Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America, Division No. 1142, or any extension, renewal, modification, or supplement thereof, or any superseding contract which may now be in force; without prejudice however, to the assertion by its employees of any legal rights they may have acquired under such contracts; * * *

"2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

"(a) Withdraw and withhold all recognition from Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America, Division No. 1142, as the exclusive representative of its employees for the purpose of dealing with it concerning grievances, labor disputes, wages, rates of pay, hours of employment, or other conditions of employment, unless and until that labor organization shall have certified as such by the National Labor Relations Board. * * *"

That said defendant has not, since the date of said order, been certified to said bus company by said Labor Board as the representative of the employees of said bus company for the purpose of collective bargaining; that plaintiff and the other members of said bus company do not wish to extend their membership with said defendant any longer than their present period of membership lasts, and that they do not desire that defendant further act in their behalf as a collective agent with their employer; and that they desire that said defendant abide by the terms of the order above referred to and desist from any further attempt to negotiate any contract or agreement as to wages under which plaintiff and said employees shall work; that said defendant, in violation of said order, through its officers and committee members, is at this time negotiating a contract with said bus company governing the wages, hours and conditions of employment under which plaintiff and the other employees of said bus company shall work; that defendant will negotiate such contract if not restrained; that if defendant is permitted to negotiate said contract the plaintiff and other members of said bus company will suffer irreparable injury, for the reason that any such contract would be in violation of the order above quoted and would not represent the true interests of the employees and would deprive the plaintiff and the other employees of said bus company of their constitutional and statutory right to collective bargaining with their employer through an agency properly certified as such by said National Labor Relations Board. He prayed that the defendant and its officers be temporarily enjoined and restrained from entering into or attempting to enter into any contract with said bus company relating to wages and employment of this plaintiff and other employees of the said bus company, and that on final hearing said temporary injunction be made permanent. The court granted the application and ordered the clerk to issue a temporary restraining order as prayed for in his petition upon the petitioner executing a good and sufficient bond in the sum of $50, conditioned and payable as required by law. We find that the order appealed from was a temporary writ of injunction, and that this court has jurisdiction of the appeal under Art. 4662, Vernon's Annotated Civil Statutes. See also Railroad Commis-

sion of Texas v. A. E. McDonald Motor Freight Lines, Tex.Civ.App., 127 S.W.2d 932.

The petition for injunction shows upon its face that the trial court was wholly without any authority or jurisdiction to enter any order with reference to the matter in question, because it involved a construction of the National Labor Relations Act. Title 29, ch. 6, § 101, p. 20, U.S.C.A. provides: "No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter."

The bill wholly fails to show any compliance with the above provisions. Title 29, ch. 7, § 159 of said Act provides:

"(a) Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment: Provided, That any individual employee or a group of employees shall have the right at any time to present grievances to their employer.

"(b) The Board shall decide in each case whether, in order to insure to employees the full benefit of their right to self-organization and to collective bargaining, and otherwise to effectuate the policies of this chapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof.

"(c) Whenever a question affecting commerce arises concerning the representation of employees, the Board may investigate such controversy and certify to the parties, in writing, the name or names of the representatives that have been designated or selected. In any such investigation, the Board shall provide for an appropriate hearing upon due notice, either in conjunction with a proceeding under section 160 of this title or otherwise, and may take a secret ballot of employees, or utilize any other suitable method to ascertain such representatives.

"(d) Whenever an order of the Board made pursuant to section 160(c) of this title is based in whole or in part upon facts certified following an investigation pursuant to subsection (c) of this section, and there is a petition for the enforcement or review of such order, such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed under subsections 160(e) or 160(f) of this title, and thereupon the decree of the court enforcing, modifying, or setting aside in whole or in part the order of the Board shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript."

Moreover, said Act gives exclusive supervision and control of such matters to the Labor Board. Section 160 of said chapter and title aforesaid, paragraph (a), provides: "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158) affecting commerce. This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise." Said section 160 further provides for the machinery and procedure whereby the Board may ascertain the facts as to any charge of unfair labor practice and further provides for review of final order of said Board on the petition of any person aggrieved by any final order of the Board to the Circuit Court of Appeals of the United States in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business (and if the Circuit Court is in vacation, then to the U. S. District Court) or in the Court of Appeals of the District of Columbia, and specifies that such review may be made by filing in such court a written petition praying that the order of the Board be modified or set aside. Said section, in part, further provides: "The court * * * shall have the same exclusive jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; and the findings of the Board as to the facts, if supported by evidence, shall in like manner be conclusive." The Supreme Court, in the case of Amalga

mated Utility Workers v. Consolidated Edison Co. of N. Y., 309 U.S. 261, 60 S.Ct. 561, 565, 84 L.Ed. 738, in construing the provisions of the National Labor Relations Act, said, in part, as follows: "We think that the provision of the National Labor Relations Act conferring exclusive power upon the Board to prevent any unfair labor practice, as defined,—a power not affected by any other means of 'prevention that has been or may be established by agreement, code, law, or otherwise', necessarily embraces exclusive authority to institute proceedings for the violation of the court's decree directing enforcement. The decree in no way alters, but confirms, the position of the Board as the enforcing authority." See, also, National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 60 S.Ct. 569, point 6 page 576, 84 L.Ed. 799. It is "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp. Ltd., 303 U.S. 41, 58 S.Ct. 459, point 4 page 463, 84 L.Ed. 638. It therefore definitely appears that the trial court was wholly without authority to enter any order whatsoever with reference to the matter in question.

The judgment of the trial court is reversed, the injunction is dissolved, and the trial court is ordered to dismiss plaintiff's bill for injunction. All costs, including those in the lower court and on appeal, will be adjudged against the appellee and the sureties on his injunction bond, as provided in Revised Statutes, art. 4649.