In the Matter of the Arbitration between LOCAL UNION 516, INSPECTION UNIT, UAW-CIO, by COLIN E. CATTLEY, as President, Appellant, and BELL AIRCRAFT CORPORATION, Respondent.

Fourth Department, January 6, 1954.

*Richard Lipsitz* for appellant.

*Thomas A. Campbell* and *Montgomery G. Pooley* for respondent.

WHEELER, J.  The collective bargaining agreement concededly in effect between the parties included both a grievance and arbitration procedure (arts. V, VI), in the latter of which it is provided that the arbitration panel " shall be empowered to rule on all disputes pertaining to the interpretation or application of this Agreement."  Article V provides for a written grievance to be presented by the shop committee " at a meeting with the Management Representatives.", after which the case may be appealed " as outlined under arbitration."  Article VI also provides that " If a grievance remains unadjusted after presentation by the Shop Committee to Management's Representatives, as provided for in the grievance procedure, the Union has the right to appeal to an Arbitration Panel within thirty (30) days following the decision rendered at the meeting between the Shop Committee and the Management Representatives."

The contract being admitted, the respondent's justification for its alleged failure to comply therewith has been determined by the Special Term.  The excuse that the petitioner had waived the subject claim was not passed upon by the Special Term, which did determine, however, that the demand for arbitration was not timely and that respondent was thus justified in its refusal to arbitrate.  Petitioner admits the thirty-day limitation, but urges that it has not yet begun to run for the reason that the event which starts it running has never occurred.

We come to the conclusion that the effect of the alleged waiver, being a matter " subsequent to the making of the contract * * * lie[s] exclusively within the jurisdiction of the arbitrators."  (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80; *Matter of Kahn* [*National City Bank*], 284 N. Y. 515.)  We also believe the Special Term exceeded its authority in going into the timeliness of the demand for arbitration as effecting a justification for respondent's refusal to arbitrate.  Having found that respondent *had* refused to arbitrate, it was only necessary to decide that petitioner's demand was bona fide, or at least not frivolous or unconscionable.

(*Matter of General Elec. Co.* [*United Elec. Workers*], 300 N. Y. 262; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199.) The question of performance with the terms of the agreement goes to the merits and, particularly in this instance, requires an interpretation of the arbitration agreement; these matters " the parties have consented to have decided by the arbitral tribunal." (*Matter of Lipman* [*Haeuser Shellac Co.*], *supra*, p. 81.) Other decisions which have refused to order arbitration when there has been a failure to demand arbitration within the time limited by the parties are not here pertinent. Nor are those decisions (*Lewis* v. *Volmer H. Houlberg, Inc.*, 220 App. Div. 762, and others) inconsistent, as they represent the extreme case — the exception — where there was no question of petitioner's default, and insistence upon arbitration would abuse the arbitration process. That is not true in the application before us, where there is a question which must be conceded to be one about which reasonable men may differ. We cannot say there is nothing for the arbitrator to decide. (Cf. *Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 297 N. Y. 519.)

In view of the broad provisions of the arbitration clause, the interpretation of the contract provisions and the acts of the parties in relation thereto are not topics upon which the Special Term should pass, but they should have been reserved to the arbitrator. (*Matter of Compagnie Francaise des Petroles* [*Pantepec Oil Co.*], 279 App. Div. 851, affd. 305 N. Y. 588.) The order appealed from should be reversed, with costs to appellant, and the parties ordered to arbitration.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law, with $10 costs and disbursements, and petitioner's motion granted.