## INTERNATIONAL BROTHERHOOD OF TEAMSTERS et al. v. RED ARROW FREIGHT LINES, Inc., et al.

No. 4969.

Court of Civil Appeals of Texas.

El Paso.

Nov. 25, 1953.

As Corrected on Denial of Rehearing Jan. 27, 1954.

Second Rehearing Denied Feb. 17, 1954.

L. N. D. Wells, Jr., and Mullinax & Wells, Dallas, for appellants.

Nelson Scurlock and Rawlins, Sayers, Scurlock & Eidson, Ft. Worth, John B. Stigall, Jr., Dallas, for appellees.

McGILL, Justice.

This is an appeal from an order of the 14th Judicial District Court of Dallas County, denying appellant's application for a temporary injunction.

The case was tried on the pleadings of the parties, no evidence being introduced. The parties will be designated as in the trial court.

The plaintiffs were the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., a labor union, and five local labor unions, and the defendants were Red Arrow Freight Lines and the Union of Transportation Employees, also a labor union. We shall hereafter refer to International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., as the Teamsters' Union, to Red Arrow Freight Lines as Red Arrow, and to the Union Transportation Employees as U.T.E.

The teamsters' union alleged that each of the plaintiff unions admitted to membership employees of Red Arrow, and that together they were authorized to represent a majority of the employees of Red Arrow for collective bargaining with Red Arrow; that the legal status of U.T.E. was under consideration by the United States Court of Appeals for the Fifth Circuit on motion of the International Labor Relations Board, to show cause why Red Arrow and other common carriers of motor freight should not be held in contempt of a decree of that court by which they were ordered to cease and desist from "recognizing U.T.E. as a representative of their employees"; that plaintiffs had been authorized by a substantial majority of the employees of Red Arrow in a bargaining unit to represent them in matters of wages, rates of pay, hours of work, etc.; that on January 12, 1953, plaintiff advised Red Arrow of such authorization and requested recognition; that from March 16, 1952 to March 15, 1953 the matters of wages, rates of pay, etc., concerning the employees of Red Arrow were covered by a collective bargaining agreement entered into in March 20, 1952, by Red Arrow and other common carriers of motor freight and U.T.E.; that subsequent to January 12, 1953, but before March 15, 1953, defendants entered into negotiations for a collective bargaining agreement to become effective upon the expiration of the agreement above referred to; that plaintiffs have protested against such negotiations and demanded that they be broken off; that Red Arrow had ignored such protest and has continued to negotiate for a new collective bargaining agreement.

Plaintiffs allege that they sought to exercise the inherent right guaranteed to such employees by Art. 5207a, Texas Revised Civil Statutes, to bargain freely collectively with Red Arrow, but that defendant Red Arrow had ignored their request and continued to deal with U.T.E.; that on

March 10, 1953, plaintiffs again requested recognition and bargaining from defendant Red Arrow, and stated their intention to strike should such request be denied; that Red Arrow's attorney, Hon. Sam R. Sayers, had threatened to obtain an ex parte temporary restraining order in the event of a strike; that plaintiffs were ready to appear instanter in opposition to any such attempt by the defendant; that Red Arrow will seek to obtain such ex parte restraining order in an effort to prevent a strike and peaceful picketing by plaintiffs; that there existed in the contract with Red Arrow a provision whereby Red Arrow deducts from the paychecks of employees represented by plaintiffs dues and fees payable to U.T.E., and such provision would be continued in any new agreement entered into by such defendants, without consent of the employees represented by plaintiffs.

A temporary restraining order was sought restraining defendants pending hearing from continuing to deny to the employees represented by plaintiffs their inherent right to bargain freely with their employer, defendant Red Arrow, collectively by dealing with U.T.E. and from signing any collective bargaining agreement with U.T.E. Plaintiffs further sought a restraining order pending hearing, restraining defendant Red Arrow from seeking an ex parte temporary restraining order to restrain plaintiffs in a lawful strike and peaceful picketing of Red Arrow.

On presentation of this petition to the 14th District Court of Dallas County on March 13, 1953, the court entered a temporary restraining order, the material portions of which were:

"It is accordingly ordered that the Clerk of this court issue temporary restraining orders operative until and pending hearing below ordered, restraining and enjoining:

"1. Defendant Red Arrow Freight Lines, Inc., all its officers, agents and attorneys from denying to the class of employees represented by Plaintiffs their inherent right to bargain freely with their employer, Defendant Red Arrow Freight Lines, Inc., collectively for terms and conditions of their employment, by recognizing, dealing with, and by negotiating for and entering into any collective bargaining agreement with, Defendant Union of Transportation Employees; and from seeking to obtain an ex parte temporary restraining order without notice and hearing to restrain or enjoin Plaintiffs and/or the employees represented by them from engaging in a lawful strike and peaceful picketing of the premises of Red Arrow Freight Lines, Inc.

"2. Defendant Union of Transportation Employees, and all of its officers, agents and attorneys from denying to the class of employees represented by plaintiffs their inherent right to bargain freely with their employer, Defendant Red Arrow Freight Lines, Inc., collectively for terms and conditions of employment by negotiating for and entering into any collective bargaining agreement with Defendant Red Arrow Freight Lines, Inc.

\* \* \* \* \* \*

"It is further ordered that plaintiffs' application for temporary injunction effective until final decree herein as contained in its verified petition be heard in the 14th District Court at 9:30 o'clock on the 23 day of March, 1953, at the Courthouse of Dallas County in the City of Dallas, Texas."

On March 21, 1953, plaintiffs filed in the 14th Judicial District Court an application for a temporary restraining order, in which they set out the order of March 13, 1953, and alleged that on March 20, 1953, the defendant Red Arrow had obtained an ex parte temporary restraining order in a suit filed March 20, 1953, in the 44th Judicial District Court of Dallas County, No. 76,019-b against plaintiffs, by which plaintiffs were restrained

"(1) From further picketing the entrances or exits to Plaintiffs' (Red Ar-

row) terminals, shops and from further maintaining pickets at or about Plaintiffs' (Red Arrow) places of business wherever located.

"(3)    From presenting themselves at or near the premises or places of business aforesaid of Plaintiffs wherever located for the purpose of picketing or exhibiting signs, placards, or banners, or in any manner interfering with Plaintiffs' respective businesses as motor common carriers.

"(16)    From publishing orally or in writing or displaying any statement, directly or indirectly, that Plaintiffs, or either of them, are unfair to organized labor or unfair to any of said Union Defendants."

That such acts of Red Arrow were in violation of the restraining order issued by the 14th Judicial District Court on March 13, 1953, and plaintiff sought a temporary restraining order restraining defendant Red Arrow from further prosecuting suit No. 76,019–b in the 44th Judicial District Court. Such order was granted by the 14th Judicial District Court on March 21, 1953, and application for a temporary injunction set for hearing on March 23, 1953. The defendants Red Arrow and U.T.E. filed a joint answer to plaintiff's petition in which among other exceptions were "E" and "F", which were as follows:

"E.    Under the applicable laws of Texas this court is without jurisdiction to enjoin Defendants' right of suit for damages and for injunctive relief in respect to Plaintiff and other person's unlawful acts and damage in violating the 'right to work' laws of Texas, the conspiracy and anti-monopoly laws of Texas and the 'O'Daniel anti-violence law', all as is fully adjudicated and determined by the Supreme Court of the United States in the case of [Local Union No. 10, United Ass'n of Journeymen] Plumbers [and Steamfitters of United States and Canada of] A.

F.L. v. Graham [345 U.S. 192, 73 S. Ct. 585, 97 L.Ed. 946].

"F.    This court is without power or jurisdiction to determine the appropriate bargaining agent of employees of Red Arrow or to herein determine any of the procedural matters vested exclusively by the Congress in the National Labor Relations Board."

They also denied the allegations of plaintiffs' petition.    Plaintiffs' application for temporary injunction came on for hearing on March 26, 1953, and on that date plaintiffs filed a trial amendment in which they alleged that on March 15, 1953, and subsequent thereto, defendant Red Arrow had represented to all of its employees that a binding written contract, properly approved by its employees and employees who were members of a bargaining committee for defendant U.T.E., had been executed on February 20, 1953, and signed by such committee on that date, that in truth and in fact no written contract was signed on said date; that the defendant U.T.E. had caused said alleged contract to be printed, and both defendants have represented same as a binding contract upon the company and U.T.E. and the defendants' employees.    That such conduct sought to deprive plaintiffs of their rights to be represented in the agreement and execution of a contract by an agent of their choice and deprived them of the rights guaranteed them under Art. 5207a, Revised Civil Statutes of Texas, Vernon's Ann.Civ. St.

The court sustained defendants' exceptions "E" and "F" above quoted, and dismissed plaintiffs' application for a temporary injunction.    From this order plaintiffs have appealed.

Appellee U.T.E. has filed a motion to dismiss this appeal, as to it, for want of prosecution.    We overrule this motion without comment.

Under the provisions of the Labor Management Relations Act, 1947, Red

Arrow was required to recognize and bargain with the union representing a majority of its employees and with no other representative. 29 U.S.C.A. § 159(a).

The N.L.R.B. is empowered by section 159(c) to decide the agent appropriate for the purposes of collective bargaining. This power when invoked is exclusive. Bethlehem Steel Co. v. New York State Labor Relations Board, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234; La Crosse Tel. Corp. v. Wisconsin Employment Relations Board, 336 U.S. 18, 69 S.Ct. 379, 93 L.Ed. 463.

Therefore it is quite obvious that if there was any question whether plaintiffs or U.T.E. constituted the appropriate collective bargaining unit to represent the employees of Red Arrow, the 14th Judicial District Court had no jurisdiction to adjudicate this question. That this question was implicit in the pleadings of the parties there can be no doubt. In fact, this question was the main controversy revealed by the pleadings. Therefore the trial court did not err in refusing to take jurisdiction and in dismissing plaintiffs' suit. See Amalgamated Ass'n of Street Electric Ry. & Motor Coach Employees of America, Division 1142, v. McDowell, Tex.Civ.App., 150 S.W.2d 866.

Having thus disposed of the matter in controversy it will not be necessary to discuss any other points and all other points of appellants are accordingly overruled.

The order of the trial court is affirmed.