In the Matter of the Arbitration between AMPEREX ELECTRONIC CORPORATION, Appellant, and GEORGE RUGEN, as President of District Lodge No. 15, International Association of Machinists, A. F. of L., Respondent.— Appeal by petitioner from an order denying its petition to stay an arbitration proceeding. Order reversed on the law, with $10 costs and disbursements, and petition granted, without costs. The appellant is engaged in interstate commerce. In April of 1952, the National Labor Relations Board conducted an election to determine the exclusive bargaining representative of certain of appellant's employees, for which purpose said board had specified certain bargaining units as appropriate, amongst which was the unit " production and maintenance employees ". As a result of the election, the respondent was determined to be such representative for the said units. A collective bargaining agreement was then consummated between the parties to this proceeding and, upon its expiration on May 28, 1953, a second agreement was made. Both agreements set forth the bargaining units as they were fixed by the said board. It is claimed by the appellant that, during the term of the first agreement, it established an engineering and development laboratory, and for the first time employed " engineering laboratory technicians " for work therein, whose duties are generally those of assistants to its engineers in research and development work. There are seventeen such " technicians " in appellant's employ. Respondent, contending that these " technicians " are actually doing the work of appellant's pilot shop, the employees in which shop are undisputably within the unit of " production and maintenance employees ", sought arbitration of the dispute under the provision of the extant (second) agreement that either party to the agreement may submit to arbitration " a grievance involving the effect, interpretation, application, claim of breach · or violation of this agreement ". Thereupon, appellant filed a petition with the said board for action upon respondent's claim " to be recognized as the representative of " the " Engineering Laboratory Technicians ", as such term " representative " is defined in subdivision (a) of section 9· of the National Labor Relations Act (U. S. Code, tit. 29, § 159, subd. [a]). The said board scheduled a preliminary hearing on the petition and,

in the meantime, appellant commenced this proceeding to stay the arbitration. By the time of final submission of the instant matter to the Special Term, the preliminary hearing before the said board had been held, but the board had not yet decided the question under advisement — whether to hold a formal hearing. However, a decision by the board to hold a formal hearing was rendered before the Special Term made its order determining the instant proceeding, and it appears from the briefs before us that Special Term made said order with knowledge of the fact that the board had made the said decision. Since the appellant's business is interstate, jurisdiction to determine units of representation for bargaining purposes and the bargaining representative for the respective units lies exclusively with the National Labor Relations Board, under the Labor Management Relations Act, 1947, commonly known as the Taft-Hartley Act. (See U. S. Code, tit. 29, § 159, subds. [a] and [b]; *La Crosse Tel. Corp.* v. *Wisconsin Bd.*, 336 U. S. 18; *Bethlehem Co.* v. *State Bd.*, 330 U. S. 767, and *Matter of Levinsohn Corp.* [*Joint Bd. of Cloak Makers' Union*], 299 N. Y. 454.) The "units" and the "bargaining representative having been determined in accordance with said act, a grievance that the appellant has refused to recognize the respondent as such representative for any of such established units, or for any employees in such units, would probably be arbitrable, in pursuance of the agreement. However, there appears to be a serious question as to whether a mere change of name of the job classification took place or whether the work of these "technicians" is genuinely different from that of the pilot shop employees. To permit an arbitrator to make the decision would, in effect, be making it possible to change the composition of a unit formulated by the board. Such inconsistent determinations must be avoided (cf. *Bethlehem Co.* v. *State Bd., supra*). The provisions of the agreement relating to grievance procedure and arbitration should be interpreted not to include, as an arbitrable issue, the question of whether the "technicians" are or are not within the bargaining unit of "production and maintenance employees". Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.