AERONAUTICAL INDUSTRIAL DISTRICT LODGE 776, IAM, Appellant,

v.

GENERAL DYNAMICS CORPORATION, CONVAIR DIVISION, Appellee.

No. 15797.

Court of Civil Appeals of Texas.

Fort Worth.

March 15, 1957.

Mullinax & Wells and Charles J. Morris, Dallas, for appellant.

Buck & Buck and Evans J. Karpenko, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal by the union from an order sustaining the company's plea in abatement of its suit in the entirety, coupled with dismissal.

Affirmed.

The company is engaged in interstate commerce, and as such the jurisdiction to determine "units" of representation for the "purposes of collective bargaining" by the majority of its employees within each unit of its overall industrial activity lies exclusively with the National Labor Relations Board, under the Labor Management Relations Act, 1947, commonly known as the Taft-Hartley Act. See U.S.Code, tit. 29, sec. 159, subds. (a) and (b), 29 U.S.C.A. § 159(a, b).

The union had for several years been recognized as the bargaining agent under the foregoing provisions of the Act for "all hourly rated employees * * * in the 'production and maintenance' unit" within the company's plant, when the latter established a new department devoted to research in electronics. This new department was gradually evolved, and during the "evolution" period certain employees were working in the new department "on loan", so to speak, from the "production and maintenance" department. During the period of such condition, such employees were still treated by the company as hourly-rated employees in the "production and maintenance unit", and as such subject to the contract existing between the union and the company. Finally, however, the new department was divorced from departments from which it had received employees "on loan", and became an independent or semi-independent department of itself. When this was done the company treated the employees permanently assigned to the new department as eliminated from the provisions of its contract with the union relative to the "production and maintenance unit", and ignored the contractual provisions relative to promotion and seniority rights in the allotment of duties, hours, and pay to the employees in the new department. In the process, some of the employees in the "production and maintenance" department felt discriminated against because employees in the new department were "promoted" in one way or another in advance of them, in disregard of their seniority rights. That is, if the contract with the employees in the "production and maintenance unit" should properly be considered to embrace the employees who were in the new department, the employees who felt themselves aggrieved would have a just complaint, while if such employees in the new department should not properly be considered as within the "unit", no just complaint would exist.

In pursuance of grievances advanced as per the provisions of the contract in existence between the company and the union as bargaining representative for the employees in the "production and maintenance unit", the union proceeded through the avenues culminating in arbitration as provided by the contract, as though the contract indisputably applied to all employees, including those transferred to the new department. The company objected and at all times contended that the contract it had with the union relative to the employees within

the "production and maintenance unit" was inapplicable, and that the matter was one for the consideration of the National Labor Relations Board. However, the machinery thus set in motion proceeded, and the arbitrator conducted hearings and entered an order sustaining in part the contentions of the union.

After the order of the arbitrator was entered the company ignored it and proceeded as before, whereupon the union filed suit in the district court of Tarrant County, Texas, to obtain a mandatory injunction compelling the company to abide by the arbitration award. The company filed its plea in abatement, which was sustained by the trial court. Necessarily declining to amend, the union prosecuted its appeal.

We are of the opinion that the suit was properly abated.

If there was no question but that the company's action in establishing the new department created a new employee unit, then it would be clear that jurisdiction to determine such fact and the employees' representative for collective bargaining purposes would lie exclusively with the National Labor Relations Board, under the Labor Management Relations Act.

If there was no question but that the company's action *did not create a new unit,* but the new departmental activity indisputably fell within that contemplated by the parties in their prior collective bargaining contract, or had been settled through a prior determination by the National Labor Relations Board, then it would be clear that the

grievances would be arbitrable, in pursuance of the agreement.

■■ But where a question arises as to whether *in fact* a new employee unit had been created, and/or that the appropriate "unit" and the "bargaining representative" had or had not been theretofore established by the National Labor Relations Board pursuant to the provisions of the Act, we are of the opinion that courts should consider actions by which the question is raised as exclusively within the jurisdiction of the National Labor Relations Board. To do otherwise would make it possible for an agency other than the Board to change the composition of a "unit" formulated by it through an exercise of a concurrent jurisdiction to the inevitable result of either futility or conflict.

Cases upon which we base the foregoing conclusion are: Amperex Electronic Corp. v. Rugen, 1954, 284 App.Div. 808, 132 N.Y. S.2d 93; Bethlehem Steel Co. v. New York State Labor Relations Board, 1947, 330 U.S. 767, 775, 67 S.Ct. 1026, 91 L.Ed. 1234; Packard Motor Car Co. v. National Labor Relations Board, 1947, 330 U.S. 485, 491, 67 S.Ct. 789, 91 L.Ed. 1040; La Crosse Tel. Corp. v. Wisconsin Employment Relations Board, 1949, 336 U.S. 18, 26, 69 S.Ct. 379, 93 L.Ed. 463; Garner v. Teamsters etc., Union, 1953, 346 U.S. 485, 491, 74 S.Ct. 161, 98 L.Ed. 228; Amalgamated Ass'n, etc. v. McDowell, Tex.Civ.App., Waco, 1941, 150 S.W.2d 866; National Labor Relations Bd. v. International Union, 7 Cir., 1952, 194 F.2d 698.

Affirmed.