Feas oís X. Cowlon, J.
Petitioner claims that no arbitrable dispute is presented. The right to object to the arbitration on this ground was waived by the selection of an arbitrator by petitioner’s then attorney. Where a party has participated in the selection of an arbitrator, he is limited to the objections specified in subdivision 1 of section 1458 of the Civil Practice Act, which do not include the right to stay the arbitration on the ground urged by petitioner. Subdivision 2 of this section permits a party who has not participated in the selection of an arbitrator to put in issue “ the failure to comply” with the contract containing an arbitration provision, thus mating it clear that a party who has participated in the selection of an arbitrator may not claim that there is no failure on his part to comply with the arbitration clause. What petitioner is now claiming is that because the dispute is not arbitrable, he has not failed to comply with the contract between the parties calling for arbitration. By participating in the selection of an arbitrator, petitioner has waived its right to assert such a el aim.
Moreover, it appears that there is an arbitrable dispute between the parties. Respondent claims that the failure to deliver within the time prescribed in the contract was due to respondent’s compliance with petitioner’s request to hold up delivery until a spongers’ strike was over. Whether or not the failure to deliver was due to such a request by petitioner is for the arbitrator to determine. If it was, the Statute of Frauds (Personal Property Law, § 33-c) would not avail the petitioner, for the latter would be estopped by its conduct from el aiming *452 the benefit of the statute (Imperator Realty Co. v. Tull, 228 N. Y. 447; Thomson v. Poor, 147 N. Y. 402, 409).
The claim that the contract is illegal may not be asserted at this time, in view of petitioner’s participation in the selection of an arbitrator, but even if this were not so, petitioner has failed to establish that the effect of the provision complained of might be “ to substantially lessen competition or tend to create a monopoly.” In the absence of such proof, the contract may not be held to be illegal.
The motion to stay the arbitration is denied.