John F. Scileppi, J.
Petitioner moves, pursuant to section 1461 of the Civil Practice Act, to confirm the award ‘ ‘ of the Arbitrator -dated and acknowledged on January 7, 1959. Said award- directs- the respondent* Stella O’Connor, individually and/or-Tégal-representative of William O’Connor, deceased, to- pay to the petitioner, Frank Kandler, the sum of $1,000, -the balance due him under a contract dated December 12, 1954, - together with "interest at 6% from December 1, 1956, and the additional sum of $438 for extra'work with interest at 6% •'from December 1, 1956.
Petitioner, respondent Stella O’Connor, and her husband, William O’Connor,- entered into a written agreement dated December 12, 1954, for the construction by the petitioner, as contractor, of a two-family dwelling on vacant land owned by the O’Connors. Paragraph “7” of the agreement provided as follows: “7: Any controversy or dispute arising under this Contract, shall be settled by' the Architect, whose decision shall be final and binding upon the parties hereto, except that in the case of a dispute as,to.the value of extra work, or of work omitted, or of the aráount of damages referred to in Paragraph ‘ 4 ’, either party may appeal from the Architect’s decision to a board of arbitration, -and to that end it is agreed that any such appeal-shall-be submitted to arbitration in the following manner, viz.':' Either party desiring to arbitrate shall furnish a notice to-the other party'by registered mail stating his grievance and desire to arbitrate, and naming in such notice some competent person to act as arbitrator; the other party to this Contract .shall then appoint some competent person as arbitrator; and these two shall- select a third. The -decision of any two' of this- board- shall be final and binding on both the parties hereto. ■ Each party shall pay one-half the fees of the board of arbitration.”
Petitioner entered upon the performance of. the work and claims -that -he completed it in -accordance with the terms of said contract and the • specifications therein referred to, but that the owners failed to. pay him a balance of $1,000 of the contract price and $438-for ext.ra work.
It appears that William O’Connor died-intestate on February 13, 1958, and no letters of administration were ever issued to his’ widow, the respondent, Stella O’Connor, or to any other person^ The “ arbitration ”' proceeding was commenced by notice dated November 24, 1958. This notice made reference to the contract of December 12, 1954, and set forth in full paragraph “ 7 ” therof. It recited that, the sum of $1,400 for work, labor and services performed under the terms of said contract *111 and for. extra work, labor and, services was demanded, and-that such dispute would be submitted :to George, Clark, the' architect (as provided in par. “ 7 ” thereof) at a designated address on December 9, 1958, at 4:00 p.m. According to the award petitioner appeared on that date by his attorney, but the hearing was adjourned to December 17, 1958,' at the request of the attorney representing the respondent;- Stella O’Connor; that said attorney ‘ ‘ then objected that the arbitrator had no jurisdiction, without stating his- grounds. That objection was overruled by the arbitrator since no reasons in support thereof was advanced.” The award further recites that the attorney for the respondent announced at the adjourned hearing “that he was withdrawing from the hearing and he thereafter ceased his participation therein. The arbitrator then heard the proof of petitioner and on the basis of the proof ” made the award sought to be confirmed.
Inasmuch as the notice to arbitrate, dated- November 24, 1958, did not state in substance, as required by subdivision 2 of section 1458 of the Civil Practice Act, “ that unless within ten days after its service, the party served therewith shall serve a notice of motion to stay the arbitration, he shall thereafter be barred from putting in issue the making of the contract or submission or the failure to comply therewith,” these issues may properly be raised by the nonparticipating party upon a motion to confirm the award. (Matter of Hesslein & Co. v. Greenfield, 281 N. Y. 26.) Upon the papers submitted by the parties the court finds that the contract, dated December 12, 1954, was executed by the petitioner, the respondent, Stella O’Connor, and her late husband, William O’Connor, and contained a provision for the resolution of disputes between the parties as set forth in paragraph ■“ 7 ” thereof; that, the .dispute between the parties involves not only the valúe of extra work claimed to have been performed • by • the petitioner, but work under the contract for which he claims $1,000 and which respondent claims was omitted by him; that the decision of the architect on such issues is, by the terms of paragraph “7” of the contract not final for it is there provided that ‘ ‘ either party may appeal from the Architect’s decision to a board of arbitration ’ ’ said board to consist of three, one to be appointed by each party and the third to be selected by such appointees, the decision of any two of this board to be final and binding upon both parties, where the dispute is “ as to the value of extra work, or of work omitted ”.
Since, for the reasons stated, the decision of the architect was not final and binding upon the parties in respect to the *112 matters in dispute, and it cannot be deemed the award in arbitration contemplated by the contract, the motion to confirm is denied. The parties may proceed to arbitrate such disputes by selecting a board of arbitration in the manner provided in their contract. The fact that the respondent Stella O’Connor was designated in these proceedings ‘ ‘ individually and/or legal representative of William O’Connor ” her deceased husband does not destroy the jurisdiction obtained of said respondent in her individual capacity. Since she in fact is not the legal representative of her deceased husband and no such representative was ever appointed, the descriptive matter following the name of the respondent is surplusage and may be disregarded.
Settle order.