G. Robert Witmer, J.
On this motion by Bloomer Bros. Company to vacate a notice of arbitration, and cross motion by Local No. 544, United Papermakers and Paperworkers of America, AFL-CIO (hereinafter referred to as Union) to compel arbitration, it appears that there exists a labor contract between the parties, the Union being the bargaining agent for all of the company’s employees covered thereby. The company has temporarily transferred one Philip Cornelia from a position as machine tender, admittedly within the bargaining unit under the terms of the contract, to a position as tour boss, which places him in a supervisory position outside of the bargaining unit (see cross petition, par. 12). It appears that for the past half dozen or more years the company has made similar transfers of said Cornelia for various weekly periods. Pursuant to article XIX of the contract the company has deducted union dues from Mr. Cornelia’s earnings during such periods. The company has not consulted the Union about the transfers and has not notified it concerning the rate of pay or other conditions of employment of said Cornelia while transferred to work as tour boss.
The Union acknowledges the company’s right to make temporary transfers of said Philip Cornelia but contends that article XV of its agreement with the company gives the Union the right to obtain information concerning Cornelia’s rate of pay and other conditions of employment while so transferred and gives it the right to bargain concerning the same. The Union made such a demand upon the company, and upon the latter’s refusal to accede thereto, the Union applied for arbitration under article VII of its agreement with the company, and it served notice of arbitration upon the company.
The company’s motion herein is directed against that notice, upon the ground that the agreement clearly does not provide for arbitration with respect to employees outside the bargaining unit. In a supplemental affidavit in support of the motion the company shows that since the motion was made the Union *347 has filed with the National Labor Relations Board a charge that the company has committed an unfair labor practice under the National Labor Relations Act, by reason of its refusal to bargain with the Union with respect to the conditions of Philip Cornelia’s temporary transfer; that the Regional Director of said board refused to issue a complaint upon said charge; and that the Union has appealed from the Regional Director’s decision and said appeal is still pending. The Union does not contest this showing.
The company contends that in view of the Union’s resort to the National Labor Relations Board, the State courts have been deprived of jurisdiction and that likewise there is no jurisdiction for arbitration: The Union denies that such pending application to the National Labor Relations Board precludes arbitration or deprives this court of jurisdiction of its cross motion to compel arbitration.
The eases support the company’s contention that the application to the National Labor Relations Board deprives this court of jurisdiction herein and precludes arbitration. (Amalgamated Workers v. Edison Co., 309 U. S. 261, 264-265; Garner v. Teamsters Union, 346 U. S. 485; Weber v. Anheuser-Busch, Inc., 348 U. S. 468, 481; Matter of Amperex Electronic Corp. [Rugen], 284 App. Div. 808; Matter of United Steelworkers [Lennox Furnace Co.], 206 Misc. 193, appeal dismissed 1 A D 2d 932.) For this court to entertain jurisdiction herein and direct arbitration might conceivably result in a determination in conflict with that of the National Labor Relations Board. The case relied upon by the Union, to wit, Textile Workers v. Lincoln Mills (353 U. S. 448), is inapposite. The jurisdiction of the National Labor Relations Board was not there invoked.
Moreover, the company’s contention that its contract with the Union makes no provision for arbitration in the present circumstances must be sustained. Article II (a) of the labor contract expressly excludes as employees thereunder “ all other employees such as office and clerical employees, foremen and all supervisory employees with authority to hire, promote, discharge, discipline, or otherwise effect changes in the status of employees or effectively recommend such action.” It is not disputed that a tour boss (permanent position) is such an excepted employee. In article XV of the agreement, concerning transfers of employees it is provided in section 5 that “ Transfers from positions in the bargaining unit to positions outside the bargaining unit shall be the sole prerogative of the Company ”, and it further provides that any transferred employee shall have the right within six months to be retrans *348 ferred. Even with respect to transfers within the bargaining unit (art. XV, No. 2-A) the company has the right “ to make the same effective, subject only to review under the grievance procedure if it acts in an unreasonable manner and without any justification ”; and the Union makes no claim herein that the company has acted unreasonably or without justification.
It is recognized that in a case of this sort ‘1 The only pertinent questions are: (1) whether there is in fact a dispute; (2) whether there is a contract to arbitrate; and (3) whether there is a refusal to arbitrate.” (Matter of Crosett [Mt. Vernon Housing Auth.], 275 App. Div. 1051; Matter of Local Union 516 [Bell Aircraft Corp.], 283 App. Div. 180, affd. 307 N. Y. 744.) In the case at bar there is a contract containing provisions for arbitration with respect to matters specified therein; and the company has refused to arbitrate. The court will assume that the Union is acting in good faith in its claim. There must therefore be arbitration unless it appears as a matter of law that the contract to arbitrate does not encompass the issue which the Union seeks to raise.
Counsel for the Union attempts to bring the transfer of Philip Cornelia in this case within the contract by contending that it is a temporary assignment instead of a temporary transfer. This argument simply constitutes a play upon words, and it is clear beyond question that the employee was temporarily transferred out of the bargaining unit as contemplated by the contract.
Upon the face of the contract, therefore, it is patent as a matter of law that the Union has no rights thereunder in this case to compel bargaining with respect to the company’s employment of Philip Cornelia outside of the bargaining unit as a tour boss, and has no right to have the matter submitted to arbitration. (Matter of General Elec. Co. [United Elec. Workers], 300 N. Y. 262; Matter of International Assn. of Machinists [Cutler-Hammer, Inc.], 271 App. Div. 917, affd. 297 N. Y. 519; Matter of Binkow [Brickman], 1 A D 2d 906; and, see, Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288.)
The company’s motion to vacate the notice of arbitration is, therefore, granted, and the Union’s cross motion to compel arbitration is denied.
Submit order accordingly.