Bert B. Lockwood, J.
This is an application brought by petitioner to stay arbitration proceedings under its contract with the respondent International Molders & Foundry Workers Union of North America, Local No. 80 and for an immediate trial of the issue as to whether or not the discharge of one Joseph Wojcik, one of the respondents herein, is subject to arbitration under a certain agreement made June 30, 1957 between the petitioner and the respondent union.
It is undisputed that the respondent, Joseph Wojcik, was discharged from the petitioner’s employment on or about June 4, 1959 and that neither of the respondents nor anyone else on behalf of the respondent, Joseph Wojcik, filed with the petitioner a written complaint in connection with said discharge within 48 hours after the said discharge as provided by article II, section 6, of said contract. Both the petitioner and respondents have filed affidavits as to what transpired subsequent to the discharge and the claims contained in these affidavits are conflicting. The respondents claim there were various discussions with the president of petitioner and that said conversations coupled with the fact that substantially the same procedures for grievance as were followed in the instant case, *1040 have been followed during the past 14 years while the same contract between the parties has been in existence and that there has been a waiver on the part of the petitioner of the filing of the written notice.
Around August 19, 1959 the respondent union wrote to the State mediation service for a hearing and such a hearing was scheduled for September 4, 1959. The petitioner obtained an order to show cause and a stay of the arbitration proceedings pending the determination of this matter.
There is no question raised but what the collective bargaining-agreement dated June 30, 1957 was in effect at the time of the occurrence herein and is still in effect.
Article II, section 6, of said agreement provides as follows: “ 6. Employees shall not be discharged without cause, except as hereinafter provided, whether or not a discharge was for cause shall constitute a grievance, to be settled in accordance with the grievance procedure specified herein, if written complaint in respect thereto is filed with the Company by the discharged employee or the Union within forty-eight hours after his discharge. If finally determined, through the grievance procedure that the discharge was not for cause, he shall be reinstated and paid for his lost time.”
Article X of said agreement provides for the grievance procedure as follows:
‘ ‘ 1. Should differences arise between the company and the employee as to the meaning or application of any of the provisions of this agreement, an earnest effort shall be made to settle such differences promptly in the following manner:
“ (a) The aggrieved employee or the Union Committee of his department shall, within twenty-four hours, present the grievance to the Foreman of the department.
‘ ‘ (b) If not adjusted by such Foreman within two days after presentation to him, it shall then be reduced to writing and presented to the General Superintendent, whereupon he shall meet with the Union’s grievance committee for discussion and consideration thereof.
“ (c) If it is not then adjusted within two days after presentation to the General Superintendent, a representative of the Union and the President of the Company shall confer and endeavor to reach an agreement relative to same, and if that does not result in a settlement within five days, the grievance shall be submitted to arbitration as hereinafter provided.”
Article XI of said agreement, entitled ‘ ‘ Arbitration ’ ’ provides as follows: “If, after following the above grievance procedure, a satisfactory settlement of any grievance does not *1041 result, the controversy shall be referred to the Mediation Section of the New York State Department of Labor and the decision thereof of such Section, made after opportunity has been given for the interested parties to be heard, shall be final and binding upon all the parties.”
Petitioner contends that inasmuch as it is undisputed the written complaint was not filed with the petitioner within 48 hours after his discharge in accordance with article II, section 6 of the agreement, that as a matter of law, petitioner cannot be compelled to arbitrate the question as the filing of the written complaint is a condition precedent and no obligation to enter into these grievance procedures or arbitration concerning a discharge comes into existence. The petitioner also contends that in the event it is necessary to hear testimony on the question of waiver that it is within the province of the Supreme Court to order an immediate trial on this issue.
The respondents on the other hand contend that any and all questions in connection with any of the provisions of the contract in question should be decided by arbitration.
This court finds the respondents are entitled to a trial on the question of waiver. The sole, remaining question for this court to decide at this time is whether or not the trial of the issue of waiver should be had in the Supreme Court or Avhether it should be determined by arbitration.
Article II, section 6, providing for the filing of the Avritten complaint, is one of the provisions of the agreement dated Tune 30, 1957. Articles X and XI, Avhen read together, clearly provide that should any differences arise between the company and the employee as to the meaning of the application of any of the proAdsions of said agreement, Avhich cannot be settled in accordance with the grievance procedure outlined in article X, they shall be determined by arbitration.
The agreement is admitted and calls for arbitration of any differences arising as to the meaning or application of any of the provisions of said agreement. This court comes to the conclusion that the effect of the alleged waiver, being a matter subsequent to the making of the contract, lies exclusively within the jurisdiction of the arbitrators. In view of the broad provisions of the arbitration clause, the interpretation of the contract provisions and the acts of the parties in relation thereto are not topics upon which the Special Term should pass, and should be decided by the arbitrator. (Matter of Local Union 516 [Bell-Aircraft Corp.], 283 App. Div. 180; Matter of Potter Co. [Miles Corp.], 2 Misc 2d 515, affd. 2 A D 2d 816.)
*1042 The application of the petitioner is therefore denied and in view of the decision reached herein the temporary stay of the arbitration proceedings contained in the order to show cause dated September 4, 1959 should be vacated and set aside.