John E. Cone, J.
Motion to reargue granted and upon reargument the original decision is adhered to.
When the original application was argued before this court no issue was raised as to the respondent’s alleged failure to comply with subdivision 2 of section 1458 of the Civil Practice Act in instituting the arbitration proceeding. In fact, the petitioner on rebuttal stated ‘ ‘ The fact that the moving papers were not timely served is not a jurisdictional defect ”, thus conceding its failure to comply and raising the issue of lack of compliance on respondent’s part. Under the circumstances the court was justified in assuming that the respondent had instituted the proceeding by personal service and accordingly did not overlook any point of law or fact or commit any error.
The contention now raised by the petitioner for the first time, that the respondent had not served the notice to arbitrate personally, can only be raised on a rehearing or renewal of the motion. The court will consider this application as one for such a renewal.
An examination of the additional affidavits and exhibits clearly reveals that the petitioner is estopped from contesting the submission for failure to comply therewith. It is now well established that the rights to a stay and to test the arbitrability of *203 a dispute are lost by participation either in the selection of the arbitrators or in the proceeding (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 382-383; Matter of Rosenbaum-Grinell [Schwartz Int. Textiles], 15 Misc 2d 450; Film Classics v. Hal Roach Studios, 68 N. Y. S. 2d 275; Horli Chem. Sales Corp. v. Oliphant, 68 N. Y. S. 2d 177). This the petitioner has done. Motion accordingly denied.