Jacob Markowitz, J.
Petitioner moves to punish respondent for its willful disobedience to appear, pursuant to a subpoena duces tecum issued by the arbitrator in proceedings pending before him between the parties, and for a direction that a warrant issue for apprehension of respondent and appearance before the arbitrator.
Respondent contends that it is engaged in interstate commerce and is, therefore, within the ambit of the Taft-Hartley Act (U. S. Code, tit. 29, § 141 et seq.), and that by recent decisions in the United States Supreme Court, Federal legislation has pre-empted the State courts’ jurisdiction by placing exclusive jurisdiction over the collective contracts here invoked in the Federal courts. Respondent cites the following cases as authority for its position (Textile Workers v. Lincoln Mills, 353 U. S. 448; Goodall-Sanford v. Textile Workers, 353 U. S. 550; General Elec. Co. v. Local 205, 353 U. S. 547). It has accordingly cross-moved here to dismiss this application and to dismiss the pending arbitration proceedings.
The pending arbitration proceeding is in effect by virtue of an order of this court entered in February of this year upon a decision (sub nom. Matter of Furriers Joint Council of N. Y., N. Y. L. J., Feb. 19, 1957, p. 6, col. 5 [Greenberg, J.]), denying respondent’s motion to stay the arbitration. There, respondent advanced, among other things, the same contentions urged *612 herein, regarding the want of State jurisdiction under Federal law. No appeal was taken from said order and the arbitration proceeded thereunder.
Study of the afore-stated decisions convinces me that respondent’s reliance thereon is untenable. All that the cited cases held was that the plaintiffs there were entitled to specific performance of the agreement to arbitrate and that the Federal courts had the power to apply Federal substantive law in determining the issue. The United States Supreme Court did not have before it, and therefore did not decide, the question whether the Federal courts alone had jurisdiction to enforce the arbitration provisions of collective bargaining agreements.
The Supreme Court decisions and associated cases decided only that where parties engaged in interstate commerce resort to the Federal forum, section 301 of the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 185) confers jurisdiction, and as a result of such choice of forum the Federal substantive law governs. Nothing is indicated which leads to a conclusion that under such circumstances, Federal jurisdiction is exclusive or that Federal legislation has pre-empted the State courts of jurisdiction to enforce collective bargaining agreements when the matter is there presented. (See Rock Drilling Union v. Mason & Hanger Co., 217 F. 2d 687 [C. A. 2d]; Signal-Stat Corp. v. Local 475, 235 F. 2d 298 [C. A. 2d]; Shirley-Herman Co. v. International Hod Carriers Union, 182 F. 2d 806 [C. A. 2d].)
Were we to accept respondent’s argument here, the doctrine of supersession of State laws by Federal laws would automatically apply whenever State and Federal Governments legislate in the same interstate field.
The circumstances under which such a doctrine would apply are outlined in Pennsylvania v. Nelson (350 U. S. 497) and Hines v. Davidowitz (312 U. S. 52).
Section 301 contains no specific or implied provision of Federal pre-emption nor have the Federal courts disturbed the delicate balance of National and State relationships in this field by suggesting the application of the doctrine of Federal supersession.
When the Supreme Court desired to make it clear that Federal legislation had pre-empted the field, it used language which left no doubt of its meaning (see Guss v. Utah Labor Bd., 353 U. S. 1; Meat Cutters v. Fairlawn Meats, 353 U. S. 20; San Diego Unions v. Garmon, 353 U. S. 26 [decided same term as Lincoln Mills, supra]; Pennsylvania v. Nelson, supra; Weber v. *613 Anheuser-Busch, Inc., 348 U. S. 468; Garner v. Teamsters Union, 346 U. S. 485; Hines v. Davidowitz, supra).
I am persuaded that the application of the doctrine of Federal supersession is unwarranted here and that a party having chosen a State forum is free to litigate the issue of compliance with arbitration in such forum. (See Matter of Pocketbook Workers Union, 149 N. Y. S. 2d 56.)
The observation may be made that if respondent’s position has merit, it could have had an expeditious determination by removing this proceeding to the Federal courts or appealing from the order of this court denying its motion to stay arbitration. Instead, respondent collaterally attacks an order of this court entered about seven months ago, only when the petitioner seeks enforcement of a subpoena duces tecum issued by the arbitrator.
Under all of the circumstances the respondent’s contention is without merit.
The motion is granted. The cross motion to dismiss is denied. Settle order.