Morris E. Speotor, J.
Motion for an order directing ‘ that arbitration proceed as to six grievances is disposed of as follows:
As to the three Buffalo grievances, the motion is denied. There is no arbitrable controversy as to these grievances involving the discharge of three employees of respondent. Testimony was given at hearings before the Committee on Un-American Activities of the House of Representatives that these three employees were members of the Communist party and all three refused to answer certain questions and based their refusal on the 1st and 5th Amendments to the Constitution of the United States. The petitioner union alleges that the firings were without just cause and that inasmuch as lack of just cause is alleged the arbitration must proceed. Where as here the cause for *239 firing is a “ just cause ” as a matter of law, arbitration would be pointless. The refusal to answer questions on the grounds stated creates a doubt as to the “ trustworthiness and reliability ” of the employees (Matter of Lerner v. Casey, 2 N Y 2d 355, affd. 357 U. S. 468, 476). We are constrained to follow the reasoning of the Supreme Court of California (Black v. Cutter Labs., 43 Cal. 2d 788, cert, dismissed 351 U. S. 292, 299, rehearing denied 352 U. S. 859) in holding that the public policy of that State forbade the enforcement of an arbitration award which directs the reinstatement to employment of a member of the Communist party. The courts of New York are no less aware of the Communist menace to democracy. The three employees were perhaps within their constitutional rights in refusing to answer the questions put to them and even to their warped political beliefs but they have no constitutional right to employment. (See United Public Workers v. Mitchell, 330 U. S. 75, 94-104; Oklahoma v. Civil Service Comm., 330 U. S. 127, 142-143.) The firing was for “ just cause ” as a matter of law and therefore there is no arbitrable dispute.
As to the Sharon grievances, the motion is granted. These grievances involve the furloughing without pay of salaried employees at the respondent’s plant at Sharon, Pennsylvania. The union contends that certain furloughs were discriminatory as to employees who were represented by the union. Section IV of the national agreement provides that there will be no discrimination against any employee because of union membership or activity. This grievance is clearly arbitrable as a claimed violation of the agreement pursuant to section XIV-A, subsection A(l). The union also contends that certain furloughs without pay were violations of the wage payment plans and that pursuant to the agreement salaried employees (as distinguished from hourly employees) were to be paid for all time not worked. Since these grievances involve the interpretation of the agreement they are clearly within the above-cited section. It is not this court’s function to adjudicate the grievances but only to determine whether or not they are arbitrable under the terms of the agreement, and they clearly are. The meaning of the provisions sought to be arbitrated is not so clear and beyond dispute that we can say there is nothing to be arbitrated especially since the agreement provides (nat. agreement, § XII, subd. F[l]) that furloughing shall be “in accordance -with local procedure.”
Respondent’s contention that the claimed discrimination is within the sole jurisdiction of the National Labor Relations Board in the area of unfair labor practices pre-empted by the *240 Federal Government is entirely without merit. There is no constitutional or statutory prohibition which would prevent the parties from contracting to settle their grievances by arbitration rather than by resort to any machinery set up by the Federal Government (Textile Workers v. Lincoln Mills, 353 U. S. 448; Matter of Aaronson Bros. Paper Corp. [Fishko], 144 N. Y. S. 2d 643, affd. 286 App. Div. 1009; Matter of Steinberg v. Rosenzweig Furs, 9 Misc 2d 611; Matter of Dumont Labs., 154 N. Y. S. 2d 394; Matter of Int. Brotherhood of Teamsters, etc. [Embassy Grocery Corp.], N. Y. L. J., June 19, 1957, p. 6, col. 8, Nathan, J.).
Settle order in accordance herewith.