William C. Hecht, Jr., J.
Motion by petitioner to vacate an arbitration award and cross motion to confirm.
No formal submission of controversy was executed by the parties. The issue concerns the “ payment of employees absent in a holiday week because of illness ”. Specifically the grievance concerns an employee who was assigned and took the 1959 Labor Day holiday, on Sunday, the day before the holiday. On Labor Day he worked for some one and one-half hours and was excused, with pay, for illness. He continued ill the next day (Tuesday) and remained away from work. He worked Wednesday, Thursday and Friday. He was not paid for Tuesday— but for the other days, which constituted 37% hours. The employee contends that he was entitled to at least another day’s pay for the week in question.
The employer states that the employee was paid for the holiday that week but had not been paid for the day on which he was ill. The employer urges that article XIII of the collective bargaining agreement, the only provision on the point provides that “ all existing welfare and insurance benefits shall not be diminished' during the terms of this agreement ”. The employer also contends that the undisputed and settled practice was that employees receiving both holiday and sick pay in a single week were entitled to a maximum of a normal week’s pay — and that the employee therefore had received the full measure of ‘ ‘ existing * * * benefits ’ ’.
Therefore, it is urged by the employer that the arbitrator could not find a contract basis for more than a normal week’s pay in the circumstances here presented; that in granting an award of one additional day’s pay the arbitrator modified the *1070 contract; that such was without his power, and hence the award may be vacated under the Civil Practice Act (§ 1462, subd. 4).
Involved in this arbitration was an interpretation of the clause in the contract of the collective bargaining agreement. In construing the language, the arbitrator acted within his powers (Matter of S & W Wine Foods [Office Employees Union], 8 A D 2d 130). Once referred to him, all questions of fact and of law are within the judicially unreviewable purview of the arbitrator (Matter of Wilkins, 169 N. Y. 494).
Accordingly, the motion to vacate the award is denied, and the cross motion to confirm is granted. Settle order.