Hugh S. Coyle, J.
This is an application by petitioner pursuant to section 1458 of the Civil Practice Act whereby it seeks a permanent stay of arbitration in the above-captioned matter, or in the alternative for a trial in this court to determine which, if any, of the respondents are entitled to an arbitration with petitioner. Petitioner is a member of the Automobile Dealers Industrial Relations Association of New York, Inc., which association entered into a “ collective bargaining agreement ” with the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, UAW, AFL-CIO and its Local 259, UAW, AFL-CIO. Petitioner’s contention is that it has not designated nor participated in the selection of the arbitrator, nor has it in any way consented to the unilateral designation by the respondents of such arbitrator, nor has it participated in any valid proceedings had before the alleged arbitrator, nor has it been served with an application to compel arbitration pursuant to section 1450 of the Civil Practice Act. Petitioner further contends that the “ Notice of Intent to Conduct an Arbitration ” was defective. Petitioner is an employer who entered into a collective bargaining agreement dated September 19, 1959, with Local 259, a local labor organization affiliated with the United Automobile Workers of America, AFL-CIO. Thereafter, and during the Fall of 1960 respondents caused to be served upon the petitioner a notice of arbitration pursuant to section 1450 of the Civil Practice Act. An arbitrator was designated by the New York State Board of Mediation and at least four hearings were scheduled or held. After the termination of the last hearing, the petitioner commenced this proceeding to stay the arbitration or for the alternative relief above mentioned. Although it is true that pursuant to section 1458 of the Civil Practice Act, under certain circumstances a motion to stay arbitration may be granted, petitioner does not fall within this category. Under the provisions of *13 subdivision 1 of the above section a party who has participated in either the selection of the arbitrator or in any of the proceedings had before the arbitrator is limited exclusively to objections to a motion to confirm, and then only upon certain specified grounds. Under the provisions of subdivision 2 of section 1458 of the Civil Practice Act a stay is available to a party who has not participated in either the selection of the arbitrator or in any of the arbitration proceedings (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377). The record here indicates to this court that petitioner’s actions constituted participation in the arbitration proceedings, and in addition, the arbitrator himself so ruled. Once having participated in the arbitration proceedings, petitioner has waived its right to the arbitrator’s jurisdiction (Matter of National Cash Register Co. [Wilson], supra; Matter of Fine v. Cohen, 287 N. Y. 843; Matter of Newburger v. Rose, 228 App. Div. 526, affd. 254 N. Y. 546). As to the alternative relief prayed for by petitioner this court finds that the two funds are specifically mentioned in the contract and are entitled to the benefit of the arbitration provisions of the contract. The court further finds that petitioner has been properly served with the application to compel arbitration pursuant to section 1450 of the Civil Practice Act and that the notice of intent to conduct an arbitration is not defective. It follows that the petitioner, having participated in the proceedings before the arbitrator and having been served with a statutory notice of intention to arbitrate and having failed to move within the required time allotted, is barred from the relief sought herein. Petition is accordingly dismissed, the stay heretofore granted is vacated, and the arbitrator is permitted to proceed herein.