Frank S. McCullough, J.
Petitioner, the employer herein, seeks an order staying the arbitration proceeding initiated by *1059 the respondent union and a trial by jury of the issues as to the making of, or compliance with, or entitlement to arbitration under the alleged agreement.
Petitioner was a member of the Automobile Dealers Industrial Eelations Association of New York, Inc., which on behalf of its members entered into a collective bargaining agreement with the union herein.
Prior to September, 1960, the petitioner conducted a Chevrolet dealership in The Bronx under a contract with the respondent for certain of its employees at that location. In June, 1960, the petitioner had been advised that effective October 1, 1960, its dealership in The Bronx would not be renewed. Eespondent states that on September 7,1960, the employer notified the union that it was going out of business on September 9, 1960. On September 8, 1960, the petitioner acquired a Chevrolet dealership in North Tarrytown from Cawood Motors in accordance with an agreement dated September 8, 1960, but this was not disclosed to the union or the employees. On September 9,1960, the employment of the employees at The Bronx location was terminated.
The respondent states that on September 25, 1960, it learned that petitioner had not gone out of business, but had merely relocated its Chevrolet dealership in North Tarrytown. The petitioner had publicized in a newspaper and a customer circular that it had relocated its dealership in Tarrytown, New York. The union says that petitioner restaffed its dealership in North Tarrytown with approximately seven employees, some of whom were in the bargaining unit, and hired additional employees who never joined the union; that petitioner has taken the position it is no longer bound by the agreement in that it has a different Chevrolet dealership in North Tarrytown, its prior dealership having been terminated; and that since its move to North Tarrytown, petitioner has refused to transmit dues required to be checked off or to make contributions to the Local 259 pension fund or to the Local 259 health and welfare fund, as required by the contract.
The union served a notice of intention to arbitrate and the submitted issues were whether petitioner violated the contract by failing to remit the checkoff dues of certain employees and to make contributions to the pension fund and health and welfare fund. Petitioner participated in the arbitration. On January 16, 1961, petitioner applied for an order staying the arbitration. Mr. Justice Coyle found that petitioner had participated in the arbitration proceedings and thus waived its right to object to the arbitrator’s jurisdiction and that the submitted issues were within the arbitration provisions of the contract, *1060 denied the application for a stay and held the arbitrator could proceed with the arbitration (Matter of Frank Chevrolet Corp. [Meyers], 33 Misc 2d 12).
Subsequently, the arbitrator made an award that petitioner had violated the collective bargaining agreement between the parties by failing to make payments to the Local 259 pension fund for the period of September, 1960 through November, 1960 inclusive, and to the Local 259 health and welfare fund for the period of October, 1960 through December, 1960 inclusive, and by failing to transmit to Local 259 dues checked off from the wages of certain employees for the period of October, 1960 through December, 1960 inclusive.
Respondent then moved in the Supreme Court, New York County, to confirm the award which was confirmed by Mr. Justice Nathan in Matter of Meyers [Frank Chevrolet Corp.] (N. Y. L. J., March 30, 1961, p. 8, col. 8) and an order and judgment was entered thereon on April 17, 1961. Petitioner has served a notice of appeal from said order and judgment.
The collective bargaining agreement contains a union shop provision providing that existing employees shall remain members in good standing and that new employees, after 30 days, shall become and remain members in good standing in the union and that upon written notice the employer shall discharge any employee not a member in good standing as defined under the National Labor Relations Act (U. S. Code, tit. 29, § 151 et seq).
On February 17, 1961, shortly after the issuance of the aforesaid arbitrator’s award, respondent demanded of the petitioner that it discharge its nonunion employees who failed to pay dues in accordance with the contract. On the same day, respondent filed a charge against petitioner at the National Labor Relations Board charging a violation under section 8 of the National Labor Relations Act (U. S. Code, tit. 29, § 158), but the Regional Director refused to issue a complaint in the matter. Respondent requested a review of this action by the general counsel of the board and subsequently the Regional Director was sustained in its decision.
On March 16, 1961, respondent requested arbitration before the New York State Board of Mediation. It states that petitioner took the position that jurisdiction was only in the industry arbitrator. On March 22, 1961, the union requested arbitration before Aaron Horvits, the industry arbitrator. The next day the petitioner’s attorney advised the union and the arbitrator that there was no valid agreement requiring arbitration and that there were no employees who were obligated to join the union.
*1061 Petitioner contends, in substance, that (1) there is no contract between the parties with respect to the employees at the North Tarrytown plant; (2) if there were any contract, it expired June 30, 1961, and that “ the Respondent was duly notified more than 30 days in advance that Petitioner would not renew such contract ”; and (3) the discharge of its employees is pre-empted by the Federal Government and is a matter exclusively reserved to the National Labor Relations Board.
The collective bargaining agreement between the parties provides that “ should any dispute arise between the Employer and the Union, as to the meaning, application, performance or operation of any provision of this agreement ”, such dispute shall be submitted to arbitration.
“ It has long been this State’s policy that where parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration ”. (Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 334.) In that case the Court of Appeals set forth the exceptions to that general policy as follows: (1) where fraud or duress renders the agreement voidable; (2) where there is no bona fide dispute, that is, where the asserted claim is frivolous; (3) where the requested performance is prohibited by statute, and (4) where a condition precedent to the arbitration has not been fulfilled. In the present case there is no frivolous or insubstantial claim, but, in fact, a bona fide dispute exists; there is no suggestion of fraud or duress or an unfulfilled condition precedent to arbitration; and the subject matter of the arbitration is not prohibited by statute.
On this question of whether a dispute is subject to arbitration, the court may only consider the existence of an agreement to arbitrate and whether there is a dispute arising thereunder. (Matter of Carey [Westinghouse Elec. Corp.], 14 Misc 2d 237, mod. 6 A D 2d 582, affd. 6 N Y 2d 934.) Once a dispute is established, all acts of the parties subsequent to the making of the contract which raise issues of fact or law are for the arbitrators. (Matter of Exercycle Corp. [Maratta], supra; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80; Matter of Potoker [Brooklyn Eagle], 286 App. Div. 733, affd. 2 N Y 2d 553; Matter of Carey [Westinghouse Elec. Corp.], supra; Matter of Teschner [Livingston], 285 App. Div. 435, 438, affd. 309 N. Y. 972; Matter of Local Union 516 Inspection Unit, UAW-CIO [Bell Aircraft Corp.], 283 App. Div. 180, 181, affd. 307 N. Y. 744; Matter of Great Atlantic & Pacific Tea Co. [Local 484], 23 Misc 2d 1069.)
*1062 Here, the employer alleges it had a contract with the union covering its employees when it had the Chevrolet dealership in The Bronx, hut disputes that it covers any employee at its Chevrolet dealership in North Tarrytown. In view of the broad provisions of the arbitration clause, the interpretation of the contract provisions and the acts of the parties in relation thereto are not issues upon which this court should pass, but are reserved for the arbitrator. (Matter of Local Union 516, Inspection Unit, UAW-CIO [Bell Aircraft Corp.], supra; Fay v. Phenix Soda Fountain Co., 153 N. Y. S. 2d 153.) Morever, the prior award of the arbitrator which was confirmed by an order and judgment of the court is res judicata as to the making of the contract and its application to the employees at the dealership in North Tarrytown. Until that order and judgment is reversed by the Appellate Division, it is binding on the parties as to the issues decided therein.
Petitioner contends that even if there were such a contract, it expired on June 30, 1961, and that it gave the union at least a 30-day notice of its refusal to renew the contract. The collective bargaining agreement provides it was to continue until June 30, 1961 “ and from year to year thereafter until terminated at the end of any yearly period, by either party, giving written notice to the other party sixty (60) days prior to such termination date, by registered or certified mail ”. Petitioner alleges that ‘ ‘ the Respondent was duly notified more than 30 days in advance that Petitioner would not renew such contract ’ ’. It does not appear that the contract has been terminated in accordance with the contract. That issue would be for the arbitrator. In any event any claim arising after the termination of the contract goes to the merits, and such issue is properly within the province of the arbitrator. (Matter of Potoker [Brooklyn Eagle], 286 App. Div. 733, affd. 2 N Y 2d 553, supra; Matter of Acme Backing Corp. [Dist. 65], 2 A D 2d 61, affd. 2 N Y 2d 963; Matter of Teschner [Livingston], supra.) “ The mere circumstance, however, that a contract has been terminated does not foreclose the arbitration of issues which arise out of and relate to it ”. (Matter of Potoker [Brooklyn Eagle], supra, p. 736; Matter of Gottfried Oppenheimer, Inc., 140 N. Y. S. 2d 521.) “ The duty to arbitrate a dispute arising during the term of the agreement survives the expiration thereof ”. (Matter of International Assn. of Machinists, AFL-CIO, Lodge 2116 [Buffalo Eclipse Corp.], 12 A D 2d 875.) An arbitration will be ordered even though it is claimed that the contract was can-celled by the act of the parties. (Matter of Aqua Mfg. Co. [Warshow & Sons], 179 Misc. 949.)
*1063 The filing of a charge with the National Labor Relations Board did not deprive the respondent of its right to arbitration. The claim of pre-emption can have very little substance particularly where the board has refused to issue a complaint. (Matter of Dalcro Corp. [Garment Workers’ Union], 30 Misc 2d 456.) There is no merit to the claim that the dispute with respect to the discharge of the employees has been pre-empted by the Federal Government. (Matter of Carey [Westinghouse Elec. Corp.], 14 Misc 2d 237, mod. 6 A D 2d 582, affd. 6 N Y 2d 934.) In that case the employer declined arbitration on the ground that the matter was within the exclusive jurisdiction of the National Labor Relations Board. The lower court held (pp. 239, 240): “Respondent’s contention that the claimed discrimination is within the sole jurisdiction of the National Labor Relations Board in the area of unfair labor practices pre-empted by the Federal Government is entirely without merit. There is no constitutional or statutory prohibition which would prevent the parties from contracting to settle their grievances by arbitration rather than by resort to any machinery set up by the Federal Government.” The Appellate Division, in that case, in rejecting the claim of Federal pre-emption as without merit cited Lodge No. 12, Dist. No. 37, Int. Assn. of Machinists v. Cameron Iron Works (257 F. 2d 467, 473 [C.C.A. 5th], cert, denied 358 U. S. 880) wherein the Court of Appeals stated: “ Since the Board’s power is plenary in all respects, ‘ neither the existence of an agreement to arbitrate nor a rendered award can preclude the Board from exercising its statutory jurisdiction ’. But certainly an award or an agreement to arbitrate may serve to temporarily assuage the aggrieved party and afford validity to contract terms (even including unfair labor practices) until a final disposition of the matter of unfair labor practice be made by the Board. Even though the Board is not bound by an arbitration award, it may find that compliance with the award is not violative of the Act, or it may even, in the exercise of its discretionary power, decline action because an award has been made or arbitration is possible.” Also, in Matter of Klein v. Styl-Rite Optics (8 A D 2d 811, 812) the court pointed out that if there is an issue arising from the breach in the performance of the agreement: ‘ ‘ There is no question but there is no pre-emption of enforcement by arbitration or by action in a State court of voluntary agreements merely because a breach might also invoke a Federal remedy ”.
The case of Matter of Madison Glass Specialty Co. (N. Y. L. J., July 3,1961, p. 3, col. 8) cited by petitioner’s attorney, is not applicable since it involved a dispute between two unions *1064 and there was no provision for joint arbitration whereby all parties would be bound by the arbitrator’s award. Petitioner’s concern about being put into a position of violating the National Labor Relations Act is unfounded and, at most, premature. Should any award be violative of the act, it can raise that point on the motion to confirm the award.
Accordingly, the stay heretofore granted is vacated, the application for a stay is denied and the arbitration may proceed.