STATE OF WEST VIRGINIA *ex rel.*

RANGER FUEL CORPORATION

*v.*

HONORABLE C. BERKLEY LILLY, *Judge, etc.*

(No. 14791)

Decided June 10, 1980.

*File, Payne, Scherer & Brown and W. H. File, Jr.,* for relator.

*Lynch, Mann & Knapp and Jack A. Mann,* for respondent.

PER CURIAM:

On February 21, 1980, upon the petition of Ranger Fuel Corporation, acting under our original jurisdiction, we issued a rule requiring the respondent judge to show cause why a writ of mandamus should not be awarded to compel him to grant specific performance of an arbitration agreement and to stay certain civil proceedings pending the outcome of arbitration.

In July 1975, Ranger Fuel Corporation entered into an agreement with certain individuals whereby Ranger leased certain tracts of land for the purposes of exploring for and mining coal. In March 1976, Ranger exercised their unquestioned right to terminate the lease. Subsequently, the lessors instituted a civil action alleging Ranger had breached the lease agreement by failing to drill two of the six exploratory bore holes that had been agreed to in the lease. Ranger moved to dismiss the action on the ground the lease contained an arbitration provision which was a condition precedent to any litigation.[1] Denying Ranger's motion to dismiss, the court indicated that although the arbitration clause had been bargained for and was valid, it terminated when Ranger terminated the lease.

Plaintiffs filed an amended complaint which for the first time alleged a failure of consideration with regard to the "lease option agreement." Ranger filed a second motion to dismiss seeking specific performance of the arbitration clause and a stay of the civil proceedings pending the outcome of arbitration. Plaintiffs filed a motion for summary judgment which the court granted on the limited issue of liability, leaving the question of damages to the jury. In its opinion the court, for the first time, specifically construed the lease agreement as two separate contracts. Based upon this construction

---

[1] Article 25 of the lease reads in material part:

"Should any dispute or controversy arise between the parties hereto ... as to any other matter arising under the terms of this Lease, then, as a condition precedent to forfeiture or the bringing of any suit or action, the controversy shall be submitted to arbitration in the following manner."

the court reasoned that when Ranger terminated the agreement the "second part of this contract" containing the arbitration clause never came into effect, and was not therefore a condition precedent to litigation.

While the relator's action in this Court is styled in mandamus, we believe that the most appropriate method of disposition is by writ of prohibition under this Court's original jurisdiction. Accordingly, we treat this cause as one in prohibition.

Citing *Board of Education v. Harley Miller, Inc.*, 160 W.Va. 473, 236 S.E.2d 439 (1977) as authority, Ranger contends the trial court should have granted its motion for specific enforcement of the arbitration clause:

> "Where the parties to a contract agree to arbitrate either all disputes, or particular limited disputes arising under the contract, and where the parties bargain for the arbitration provision, such provision is binding, and specifically enforceable, and all causes of action arising under the contract which by the contract terms are made arbitrable are merged, in the absence of fraud, into the award of the arbitrators." Syl. pt. 1, *Miller, supra.*

*Miller* went on to hold in syllabus point 3 that an arbitration provision should be enforced unless the contract is unconscionable or is one of adhesion. Neither has been alleged in this case. In fact, the trial court correctly concluded this arbitration provision was bargained for and was valid, a matter of law which the court could properly determine. Syl. pt. 3, *Miller, supra.* We can determine no impediment to the validity of this arbitration clause. The arbitration clause is binding on the parties and specifically enforceable. By its own terms it is expressly intended to be a condition precedent to any litigation. It was error for the respondent judge to fail to grant Ranger's motion seeking specific performance of the arbitration clause and a stay pending the outcome of arbitration.

The award of a writ of prohibition in this case falls squarely within the parameters of our decision in *Hinkle*

*v. Black*, ____ W.Va. ____, 262 S.E.2d 744 (1979). The error of the respondent judge in failing to grant the motion seeking specific performance of the arbitration clause and a stay of the civil proceedings was a substantial, clear-cut, legal error. There was then, and is now, no factual dispute to hamper disposition by way of prohibition. There is a high probability that the trial court will be completely reversed on appeal of this matter. The relators have no other adequate remedy, and to compel them to proceed through the trial process and then appeal to this Court would be inefficient, and a waste of the time and resources of the circuit court and of this Court. This type of error is precisely the type which we intended to reach by prohibition as defined in *Black, supra.*

The respondent judge's view that the arbitration provision was not operative because the parties' lease was actually two agreements is not borne out by our review of the document. The physical arrangement of the lease which has a single beginning, and a single ending, one set of signatures of execution, and one set of acknowledgements, as well as the wording of the various provisions evidence a single document. Indeed, the plaintiffs' initial complaint characterizes the agreement as a single lease and has as an exhibit a separate option agreement drawn up but never entered into, thereby indicating the parties' rejection of this arrangement in favor of a single instrument. It is also noteworthy that the arbitration clause expressly excepted from its operation any matters regarding royalties. If the parties had not intended the clause to operate throughout the twenty-year term of the lease they could have easily excepted the first twenty-four month period, but they chose not to do so. None of the lease provisions by their terms differentiate based on the concept of a two-year option and an eighteen-year lease. For instance, Ranger was not limited to exploration during the first twenty-four months, but was permitted to mine coal on a full-scale basis during this time. If the respondent judge's construction of the lease was correct, the various provisions in the

latter part of the lease dealing with the respective rights of the parties in regard to mining would not apply to mining during the first twenty-four months, thus leaving the lessors totally without the benefit of any written agreement on these matters. Such a result cannot reasonably be said to be within the intendment of the parties. The trial court's construction of the document as two separate agreements is erroneous and provides no basis upon which to deny the motion for specific performance of the arbitration agreement.

We are not persuaded by the contention that Ranger's termination of the lease terminated the operation of the arbitration agreement. Such a position would defeat the purpose of a broad arbitration clause such as the one under consideration. It is the general rule that the duty to arbitrate under an arbitration clause in a contract survives the termination of the contract. *Mendez v. Trustees of Boston University*, 362 Mas. 353, 285 N.E.2d 446 (1972); *Application of Frank Chevrolet Corporation*, 224 N.Y.S.2d 928 (1961); *Batter Building Materials Company v. Kirschner*, 110 A.2d 464, 142 Ct. 1 (1954). Cf. *Warner Bros. Co. v. Cardi Corp.*, 471 F.2d 1304 (1973); *Prima Paint Corp. v. Flood and Conklin Manufacturing Co.*, 360 F.2d 315 (1966); *Schneider Inc. v. Research-Cottrell, Inc.*, 474 F.Supp. 1179 (1979); *United Steelworkers of America v. Crane Co.*, 456 F.Supp. 385 (1978); *Mellon Schwartz & Associates Architects v. The Magness Corp.*, 368 F.Supp. 749 (1974); *Batson Y.F.M. Gr., Inc. v. Saurer-Allma GmbH-ALLGAUER M.*, 311 F.Supp. 68 (1970); *Glenn Acres, Inc. v. Cliffwood Corp.*, 228 N.E.2d 835, 353 Mas. 150 (1967).

For the foregoing reasons we award the Writ of Prohibition as moulded to prohibit any further proceedings in the Circuit Court of Raleigh County in Civil Action No. 78-C-1060 until such time as the parties to that proceeding have completed arbitration of their disputes pursuant to Article 25 of their Lease Agreement.

*Writ as moulded,
awarded.*