THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Richard B. Erwin, Appellant,
v.
Ryans Family Steakhouses, Inc., Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2006-UP-302
Submitted June 1, 2006  Filed June 30, 2006

REVERSED AND REMANDED

 
 
 
W. Andrew Arnold and Brian E. Arnold, both of Greenville, for Appellant.
L. Gray Geddie, Donald A. Cockrill and Jeffrey P. Dunlaevy, all of Greenville, for Respondent.
 
 
 

WILLIAMS, J.:  In this employment dispute, Richard Erwin appeals the trial courts order compelling arbitration between Erwin and Ryans Family Steakhouses, Inc. (Ryans).  We reverse and remand.  
FACTS
In 1980, Erwin began working at Ryans.  In 1992, Ryans implemented an arbitration program through Employment Dispute Services, Inc. (EDSI), a third-party arbitration service provider.  After Ryans implemented the arbitration program, it required all new employees sign an arbitration agreement with EDSI; a signatory of this agreement assented to arbitrate all employment disputes with Ryans in an EDSI forum dictated by EDSI rules and procedures.  Ryans afforded all current Ryans employees the option of signing the arbitration agreement, and Erwin opted not to sign it.  
In August 2001, Erwin entered into a Regional Partnership Agreement (Agreement) with Ryans.  The Agreements purpose was to arrange an independent compensation method in which both [Erwin] and Ryans have the opportunity to benefit as a result of the financial improvement of the restaurants which are supervised by [Erwin].  In addition to base salary, Erwin would earn a percentage of the profits made by the restaurants he supervised.  The Agreement contained an arbitration clause, which provided:

ARBITRATION.  Ryans and [Erwin] agree that their relationship remains that of employer and employee.  Any employment related dispute must be resolved through the use of Ryans previously established arbitration system.

On October 17, 2003, Ryans terminated Erwin and cancelled the Agreement.  
Two months later, Erwin sued Ryans for inter alia wrongful termination and breach of contract.  Ryans moved to compel arbitration based on the Agreements arbitration clause.  The trial court compelled arbitration but questioned whether Erwin agreed to arbitrate under the EDSI program.  Therefore, the court decided Erwin and Ryans should select arbitration panel members in accordance with section 15-48-30 of the South Carolina Code (2005) rather than the EDSI program.[1]  The parties selected an arbitration panel (Panel), which heard Erwins case in March 2005.   
Two months later, the Panel issued an arbitration award in favor of Ryans.  Ryans then moved the trial court to confirm the arbitration award, which the trial court granted.  Erwin appeals this ruling.[2] 
LAW/ANALYSIS
Erwin argues the trial court erred in granting Ryans motion to compel arbitration.  We agree. 
Whether a claim is subject to arbitration is a matter of judicial determination, unless the parties stipulate otherwise.  Chassereau v. Global-Sun Pools, Inc., 363 S.C. 628, 631, 611 S.E.2d 305, 307 (Ct. App. 2005).  There is a strong presumption in favor of the validity of arbitration agreements because of the strong policy favoring arbitration.  Towles v. United HealthCare Corp., 338 S.C. 29, 37, 524 S.E.2d 839, 844 (Ct. App. 1999).  The trial court should determine whether an arbitration agreement exists between the parties before determining whether the case should be arbitrated.  Hous. Auth. of the City of Columbia v. Cornerstone Hous., LLC, 356 S.C. 328, 334, 588 S.E.2d 617, 620 (Ct. App. 2003).  This determination is a matter to be forthwith and summarily tried by the trial court.  Jackson Mills, Inc. v. BT Capital Corp., 312 S.C. 400, 404, 440 S.E.2d 877, 879 (1994).  
The trial court should apply ordinary state-law principles that govern the formation of contracts in evaluating whether an arbitration agreement exists.  Cornerstone Hous., 356 S.C. at 335, 588 S.E.2d at 621.  In construing a contract, the trial court should not look beyond the four corners of the contract if the text is free of ambiguity.  Barnacle Broad., Inc. v. Baker Broad., Inc., 343 S.C. 140, 146-47, 538 S.E.2d 672, 675 (Ct. App. 2000).  In such a case, as a matter of law, the trial court should enforce the contact as written.  Century Indem. Co. v. Golden Hills Builders, Inc., 348 S.C. 559, 568, 561 S.E.2d 355, 359 (2002).  It is black-letter law that the formation of a contract requires a meeting of the minds between the parties with regard to all essential and material terms of the agreement.  Player v. Chandler, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989); Gaskins v. Blue Cross-Blue Shield of S.C., 271 S.C. 101, 105, 245 S.E.2d 598, 600 (1978).
Erwin contends he and Ryans did not agree to arbitrate.  The crux of this dispute is the Agreements arbitration clause, which provides, [a]ny employment related dispute must be resolved through the use of Ryans previously established arbitration system.  Both parties concede the previously established arbitration system is the EDSI arbitration program implemented in 1992.  There are no other signed documents concerning arbitration between the parties.  Therefore, if Erwin and Ryans agreed to arbitrate Erwins employment related claims, they necessarily agreed to arbitrate them under the EDSI program.  Thus, the parties either agreed to arbitrate under the EDSI program, or they did not agree to arbitrate.  The arbitration clause offers no alternative.   
We conclude it was error for the trial judge to order arbitration under the South Carolina statutory scheme.  Section 15-48-10 of the South Carolina Code (2005) specifically states that the arbitration method described in Section 15-48-30 will not apply to . . . (2) Arbitration agreements between employers and employees . . . unless the agreement provides that this chapter shall apply.  Because the arbitration clause did not reference Section 15-48-30, the court clearly erred by ordering arbitration pursuant to the statutory scheme.
The trial court found the parties executed an arbitration agreement covering the dispute in question, but also that it is not clear . . . Richard Erwin agreed to arbitration under Ryans EDSI arbitration plan.  The nature of the Agreements arbitration clause dictates a finding that either (1) the parties agreed to arbitrate under the EDSI system or (2) the parties did not agree to arbitrate.  The trial judge essentially found an agreement to arbitrate, but no clear agreement to use the EDSI system.  These two findings are diametrically opposed.  
Consequently, the trial court erred in granting Ryans motion to compel arbitration.  Accordingly, we reverse and remand to determine whether Erwin and Ryans agreed to arbitrate under the EDSI arbitration program as provided by the Agreements arbitration clause.  The trial courts order is 
REVERSED AND REMANDED.[3] 
SHORT, J., concurs.
KITTREDGE, J., concurring in part and dissenting in part:
I concur in part and dissent in part.  The trial court held the Agreement clearly and unambiguously compels arbitration.  I agree with the experienced trial judge and respectfully dissent from the majority opinion in this regard.  In my view, the error occurred only in the method of arbitration.  The parties clearly agreed to arbitrate under EDSI.  Ordering arbitration under section 15-48-10 of the South Carolina Code (2005) was inappropriate for the reasons set forth in the majority opinion.  Accordingly, I would remand for a determination of whether Erwin was prejudiced by the trial courts erroneous selection of the statutory arbitration method.  If the court finds prejudice resulted from this error, the court would then order arbitration as agreed by the parties under EDSI.  If the error did not prejudice Erwin, then the underlying judgment should stand affirmed.

[1]  Section 15-48-30 of the South Carolina Code provides that the three-member arbitration panel should be comprised of one arbitrator chosen by the party making the demand for arbitration, one chosen by the party against whom demand is made and [the] third being chosen by those two chosen by the parties.  The EDSI program provides that a three-member arbitration panel should be comprised of one employer, one employee, and one attorney, retired judge, or other competent legal professional not associated with either party.  
[2]  Erwin also moved to vacate the arbitration award, which he did on the same day the trial court confirmed the award.  
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.