**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Mack Johnson, Sr., Respondent,

v.

Palmetto Solar, LLC; Palmetto South Carolina Solar I, LLC; Brightest Solar, Inc.; Sunlight Financial, LLC; Cross River Bank; Great America Services Corporation; and Robert Dodge, Defendants,

of which Palmetto Solar, LLC; Palmetto South Carolina Solar I, LLC; Brightest Solar, Inc.; Sunlight Financial, LLC; Cross River Bank; and Robert Dodge are the Appellants.

Appellate Case No. 2021-000977

———————

Appeal From Colleton County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-125
Submitted February 1, 2023 – Filed March 29, 2023

———————

**REVERSED**

———————

Matthew A. Abee and Madison Caroline Guyton, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellants Cross River Bank; Palmetto Solar, LLC;

Palmetto South Carolina Solar I, LLC; and Sunlight Financial, LLC.

William P. Tinkler, of Tinkler Law Firm LLC, of Charleston, for Appellants Brightest Solar, Inc., and Robert Dodge.

Mark David Ball and John Elliott Parker, Jr., both of Parker Law Group, LLP, of Hampton, for Respondent.

———————

**PER CURIAM:** Palmetto Solar, LLC; Palmetto South Carolina Solar I, LLC; Brightest Solar, Inc.; Sunlight Financial, LLC; Cross River Bank; and Robert Dodge (collectively, Appellants) appeal a circuit court order denying their motion to compel arbitration with David M. Johnson, Sr., as premature. Appellants argue the circuit court erred by (1) finding their motion to compel arbitration was not ripe for consideration, (2) denying their motion because a valid arbitration agreement existed and Johnson's claims fell within the scope of the agreement, and (3) failing to dismiss Cross River Bank when Johnson failed to serve it with process. We reverse.

1. We hold Appellants' motion to compel arbitration was ripe for consideration by the circuit court because Appellants presented evidence of an arbitration agreement entered into by the parties. *See New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *id.* ("Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings."); S.C. Code Ann. § 15-48-20(a) (2005) ("On application of a party showing an agreement . . . and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied."); *Hous. Auth. of City of Columbia v. Cornerstone Hous., LLC*, 356 S.C. 328, 334, 588 S.E.2d 617, 620 (Ct. App. 2003) ("The initial inquiry to be made by the [circuit] court is whether an arbitration agreement exists between the parties."); *id.* at 335, 588 S.E.2d at 620 ("The determination of whether an arbitration agreement exists is 'a matter to be forthwith and summarily tried by the [c]ourt.'" (quoting *Jackson Mills, Inc. v. BT Cap. Corp.*, 312 S.C. 400, 404, 440 S.E.2d 877, 879 (1994))).

2.  We hold the circuit court erred by denying Appellants' motion to compel arbitration because Johnson failed to meet his burden to show his claims were not suitable to arbitration.  Accordingly, we reverse the circuit court's denial of Appellants' motion to compel arbitration.  *See Rhodes v. Benson Chrysler-Plymouth*, *Inc.*, 374 S.C. 122, 126, 647 S.E.2d 249, 251 (Ct. App. 2007) ("South Carolina favors arbitration."); *Masters v. KOL, Inc.*, 431 S.C. 28, 37, 846 S.E.2d 893, 897 (Ct. App. 2020) ("Therefore, 'the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration.'" (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000))); *Landers v. FDIC*, 402 S.C. 100, 109, 739 S.E.2d 209, 213-14 (2013) ("A clause which provides for arbitration of all disputes 'arising out of or relating to' the contract is construed broadly."  (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967))); *New Hope Missionary Baptist Church*, 379 S.C. at 627, 667 S.E.2d at 4 ("[W]hen a party argues fraud in the inducement of an entire contract, but not the arbitration agreement itself, arbitration cannot be avoided.").

3.  We hold the circuit court erred by not dismissing Cross River Bank as a party because the record shows Johnson failed to serve Cross River Bank with the summons and complaint.  *See Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e) motion."); *Graham Law Firm, P.A. v. Makawi*, 396 S.C. 290, 294-95, 721 S.E.2d 430, 432 (2012) ("The [circuit] court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard."); Rule 5(d), SCRCP ("Upon failure to serve the summons and complaint, the action may be dismissed by the court on the court's own initiative or upon application of any party."); Rule 12(b)(5), SCRCP (explaining that a party may assert a defense of insufficiency of service of process before filing a responsive pleading).

**REVERSED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.