**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Capella Capital, LLC, Capella Carolinas, LLC, and Michael Lindley, Respondents,

v.

Donivon Glassburn, Appellant.

Appellate Case No. 2023-000858

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2026-UP-001
Submitted September 2, 2025 – Filed January 7, 2026

**REVERSED**

John A. Massalon, Christy Ford Allen, and Carissa Steichen Land, all of Wills Massalon & Allen, LLC, of Charleston, for Appellant.

Todd Raymond Ellis, of Law Office of Todd Ellis, P.A., of Columbia; and John Aaron Ecton, of Ecton Law Firm, PA, of Irmo, both for Respondents.

**PER CURIAM:** Donivon Glassburn appeals the circuit court's order denying his motion to compel arbitration. Glassburn argues the circuit court erred in denying

his motion because the arbitration clause (the Arbitration Clause) contained in the parties' subscription for membership agreements (the Subscription Agreements) for Capella Capital, LLC and Capella Carolinas, LLC broadly extended to disputes arising out of or significantly related to the Subscription Agreements. We reverse.

Initially, we find Glassburn's argument that the question of arbitrability was for an arbitrator to decide is not preserved for appellate review because Glassburn raised this argument for the first time in his motion to alter or amend. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("Error preservation requirements are intended 'to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000))); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court."); *Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

On the merits, we hold the circuit court erred in denying Glassburn's motion to compel arbitration. *See Gissel v. Hart*, 382 S.C. 235, 240, 676 S.E.2d 320, 323 (2009) ("The determination of whether a claim is subject to arbitration is subject to *de novo* review. Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings."). As a threshold matter, Glassburn contends the Federal Arbitration Act (FAA)[1] governs this dispute rather than the South Carolina Uniform Arbitration Act (SCUAA).[2] We note the circuit court did not expressly rule on this issue, and Respondents did not challenge Glassburn's contention at the motion hearing or on appeal. Nevertheless, we find the SCUAA governs because the Subscription Agreements only contained a generic choice of law provision and the record contains insufficient evidence to support a finding that they involved interstate commerce. *See Hicks Unlimited, Inc. v. UniFirst Corp.*, 439 S.C. 623, 632, 889 S.E.2d 564, 568 (2023) ("[A] party seeking to compel arbitration under the FAA must demonstrate that the contract implicates interstate commerce."); *id.* ("[T]he party pushing arbitration must prove the contract involves 'commerce in fact.'" (quoting *Allied-Bruce Terminix Cos., v. Dobson*, 513 U.S. 265, 281 (1995))); *United States v. Morrison*, 529 U.S. 598, 609 (2000) (providing the United States Congress' commerce authority includes the power to regulate "those activities that substantially affect interstate commerce"

---

[1] 9 U.S.C. §§ 1 to 402.
[2] S.C. Code Ann. §§ 15-48-10 to -240 (2005).

(quoting *United States v. Lopez*, 514 U.S. 549, 558-59 (1995))); *Hicks Unlimited, Inc.*, 439 S.C. at 633, 889 S.E.2d at 569 ("To ascertain whether a contract involves interstate commerce, the court examines 'the agreement, the complaint, and the surrounding facts,' including any affidavits submitted." (quoting *Dean v. Heritage Healthcare of Ridgeway, LLC*, 408 S.C. 371, 380, 759 S.E.2d 727, 732 (2014))); *id.* ("The inquiry is fact dependent and focuses on what the specific contract terms require for performance."); *id.* at 623, 889 S.E.2d at 569 (finding interstate commerce was not implicated in a contract between a Massachusetts company and a South Carolina company when "[t]here [was] no other sign the contract [in dispute] was to be performed using instrumentalities or channels of interstate commerce, or that the [business] supply involved any thing or matter located beyond South Carolina's borders").

Applying the SCUAA, we hold the circuit court erred in determining Respondents' claims fell outside the scope of the Arbitration Clause. Under South Carolina law, the initial determination to be made is whether an arbitration agreement exists. *See The Hous. Auth. of City of Columbia v. Cornerstone Hous., LLC*, 356 S.C. 328, 334, 588 S.E.2d 617, 620 (Ct. App. 2003) ("The initial inquiry to be made by the trial court is whether an arbitration agreement exists between the parties."). "Courts 'should apply ordinary state-law principles that govern the formation of contracts' in determining whether an agreement to arbitrate exists." *Id.* at 335, 588 S.E.2d at 621 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Here, the circuit court did not expressly make a finding as to whether a valid arbitration agreement existed between the parties. Nevertheless, we find a valid arbitration agreement existed. Under the SCUAA, "Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters . . . on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration." § 15-48-10(a). At the top of the first page of the Subscription Agreements, the following appeared in bold, underlined text: "**THIS AGREEMENT IS SUBJECT TO MANDATORY ARBITRATION**." *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 589, 553 S.E.2d 110, 114 (2001) ("The notice provision must b[e] typed in underlined capital letters . . . on the first page of the contract. No other variation is acceptable."). Further, neither Michael Lindley nor Glassburn claimed their signatures on the Subscription Agreements were invalid or otherwise challenged

the validity of the Arbitration Clause.[3]  *See Jaffe v. Gibbons*, 290 S.C. 468, 472, 351 S.E.2d 343, 345 (Ct. App. 1986) ("The general rule is that where both parties have signed a contract, the signing by the first party is in effect his proposal or offer, and the signing by the second party is his acceptance thereof; the writing then represents or evidences the bargain between them.").  Accordingly, we find a valid arbitration agreement existed between the parties.

Although we question the validity of the operating agreement Respondents provided, we nevertheless find the Arbitration Clause encompassed the claims raised in Respondents' complaint because they concerned the fundamental issue of the rights and financial interests of the parties, which were governed by the Subscription Agreements in which the Arbitration Clause appeared and expressly applied.  *See Cornerstone Hous., LLC*, 356 S.C. at 337, 588 S.E.2d at 621 ("To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause." (quoting *Zabinski*, 346 S.C. at 597, 553 S.E.2d at 118); *id.* ("Even when the dispute does not arise under the governing contract, the dispute is subject to arbitration when the contract contains a broadly worded arbitration clause and 'a "significant relationship" exists between the asserted claims and the contract in which the arbitration clause is contained.'" (quoting *Zabinski*, 346 S.C. at 598, 553 S.E.2d at 119)); *Zabinski*, 346 S.C. at 597, 553 S.E.2d at 118 ("Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."); *Bennett v. ACS Primary Care Physicians-Se. P.C.*, 444 S.C. 458, 480, 908 S.E.2d 110, 121 (Ct. App. 2024) ("A motion to

---

[3] Respondents assert Glassburn's denial that Lindley acquired his claimed interest in Capella Capital, LLC and Capella Carolinas, LLC through the Subscription Agreements barred Glassburn from moving to compel arbitration under the Arbitration Clause contained in them.  We find this argument is without merit.  *See* § 15-48-20(a) ("On application of a party showing an agreement described in § 15-48-10, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 630, 667 S.E.2d 1, 6 (Ct. App. 2008) ("An arbitration clause's validity is distinct from the substantive validity of the contract as a whole."); *id.* at 630, 667 S.E.2d at 5-6 ("Arbitration clauses are separable from the contracts in which they are imbedded." (footnote omitted) (quoting *Jackson Mills, Inc. v. BT Capital Corp.*, 312 S.C. 400, 403, 440 S.E.2d 877, 879 (1994))).

compel arbitration made pursuant to an arbitration clause in a written contract should only be denied where the clause is not susceptible to any interpretation [that] would cover the asserted dispute." (alteration in original) (quoting *Zabinski*, 346 S.C. at 597, 553 S.E.2d at 118-19)).  Based on the foregoing, we hold the circuit court erred in denying Glassburn's motion to compel arbitration.

**REVERSED.**[4]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.